[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 16, 2006
THOMAS K. KAHN
CLERK

No. 05-15173
Non-Argument Calendar

_____

BIA Nos. A97-188-161 & A97-188-162

ALFONSO LLANOS,
DIANA VANESSA LLANOS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 16, 2006)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Alfonso Llanos and Diana Vanessa Llanos, through counsel, petition for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") removal order, which became the final agency determination when the BIA adopted the reasoning of the IJ's decision. Petitioners, who are natives and citizens of Colombia, contend that the IJ erred in denying their claims for asylum and withholding of removal. We dismiss the petition in part and deny it in part.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as if it were the BIA's. *Id.* To the extent the IJ's decision was based upon a legal determination, we review the IJ's decision de novo. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). We review the IJ's factual determinations under the substantial evidence standard, and "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Najjar*, 257 F.3d at 1283-84 (internal quotes omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to concluded to the contrary[.]"). "Under this highly deferential standard of review, the IJ's decision can be reversed only if the evidence 'compels' a reasonable fact finder to find

2

otherwise." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005) (per curiam).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The applicant must demonstrate by clear and convincing evidence that the application has been filed within one year after the date of the alien's arrival in the United States–unless the alien can demonstrate to the satisfaction of the Attorney General (1) the existence of changed circumstances which materially affect the applicant's eligibility for asylum, or (2) extraordinary circumstances relating to the delay in filing an application within one year. *Id.* § 1158(a)(2)(B), (D); *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005) (per curiam). Courts do not have jurisdiction, however, to review a determination of the Attorney General as to the timeliness of an asylum application or the existence of changed or extraordinary circumstances. 8 U.S.C. § 1158(a)(3); *Chacon-Botero*, 427 F.3d at 957; *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1217-18 (11th Cir. 2002) (per curiam). Thus we cannot review the IJ's determination that Alfredo Llanos's ("Llanos")[1] asylum application was untimely and that neither of the exceptions apply. *See id.* We therefore dismiss the petition with respect to the asylum claim.

---

[1] Diana Vanessa Llanos's claims are predicated on those of Alfredo Llanos, who is the primary applicant for asylum and withholding of removal.

3

Llanos also challenges the IJ's denial of withholding of removal.  He contends that the IJ erred by rejecting his testimony without making an explicit finding that he was not credible.  He also maintains that he demonstrated past persecution or a well-founded fear of future persecution on the basis of his political opinion or imputed political opinion, because his life and his family members' lives were threatened as a result of his activities with a community action board that opposed the Revolutionary Armed Forces of Colombia's ("FARC") recruiting activities.

The Attorney General may not remove an alien to a country if the Attorney General finds that "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  "The alien bears the burden of demonstrating that it is 'more likely than not' [h]e will be persecuted or tortured upon being returned to [his] country."  *Sepulveda*, 401 F.3d at 1232 (quoting *Fahim*, 278 F.3d at 1218).  The burden of proof for withholding of removal is more stringent than the burden for asylum.  *Id.* at 1232.[2]

---

[2] To establish asylum eligibility, the alien must establish, with specific and credible evidence, (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution.  8 C.F.R. § 208.13(a), (b); *Najjar*, 257 F.3d at 1287.  A showing of past persecution creates a presumption of a "well-founded fear" of persecution subject to rebuttal by the government.  *Sepulveda*, 401 F.3d at 1231.

"The statutes governing asylum and withholding of removal protect not only against persecution by government forces, but also against persecution by non-governmental groups that the government cannot control, such as the FARC." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (per curiam). Persecution, however, is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation . . . ." *Sepulveda*, 401 F.3d at 1231 (internal quotes omitted). "Threats alone generally do not constitute actual persecution; only rarely, when they are so immediate and menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution." *Valutev v. Ashcroft*, 354 F.3d 1207, 1210 (10th Cir. 2003). Likewise, "evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz*, 440 F.3d at 1258.

As Llanos indicates, the IJ did not expressly state whether he found Llanos's testimony to be credible. Thus, we will assume that any credibility determinations by the IJ were not dispositive of Llanos's claims. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (noting that IJs must make "clean determinations of credibility"). We nevertheless conclude that substantial evidence supports the IJ's decision. Llanos's receipt of a series of threatening phone calls regarding his

5

efforts to draw youths away from local communes, and an incident where a shot was fired into a taxi carrying his daughters, are insufficient to establish past persecution. *See Sepulveda*, 401 F.3d at 1231; *Valutev*, 354 F.3d at 1210.[3] Additionally, the fact that Llanos learned, indirectly, that the wife of a friend who worked for the community action board was murdered is, without any further details, insufficient to establish a well-founded fear of future persecution.[4] Llanos, who lived and worked with his family in Cali, also claimed that relocation within Colombia would be useless, because the FARC sets up roadblocks to collect and computerize information about persons of interest to it. According to the IJ, however, Llanos's parents apparently have continued to live in Cali without incident. *Cf. Ruiz*, 440 F.3d at 1259 (petitioner's claimed fear that the FARC would kill him was contradicted by his testimony that his son and parents remained unharmed in the region where petitioner allegedly was threatened). Thus, we deny petitioners' claim for withholding of removal under § 1231(b)(3)(A).

---

[3] According to Llanos, the shooter was never identified. There was no showing of a connection between the shooter and the FARC, and neither Llanos, nor his wife, nor his daughters were ever physically harmed.

[4] Llanos also produced a letter from the president of his community action board, but that letter made no reference to Llanos having experienced any problems or received any threats in Colombia.

Finally, Llanos contends that he is entitled to withholding of removal under the Convention Against Torture ("CAT"). We cannot consider this argument, for Llanos withdrew his CAT claim at the asylum hearing. *See Fernandez-Bernal v. Att'y Gen. of the United States*, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). We therefore dismiss the petition with respect to the CAT claim.

**PETITION DISMISSED IN PART AND DENIED IN PART.**